[Civ. No. 27639.   Second Dist., Div. Two.   Jan. 25, 1968.]

THE PEOPLE ex rel. JOHN G. SOBIESKI, as Commissioner, etc., Plaintiff and Appellant, v. WESTERN AIR LINES, INC., Defendant and Respondent.

Stanley Mosk and Thomas C. Lynch, Attorneys General, and Herbert E. Wenig, Assistant Attorney General, for Plaintiff and Appellant.

Darling, Shattuck, Hall & Call, Hugh W. Darling and Donald K. Hall, O'Melveny & Myers and Pierce Works for Defendant and Respondent.

ROTH, P. J.—This appeal, number 27639, stems from the litigation in 28842, concurrently decided.

Pending the appeal of the judgment resulting from the mandamus proceeding in the superior court which we heard and determined in *Western Air Lines, Inc.* v. *Sobieski*, 191 Cal.App.2d 399 [12 Cal.Rptr. 719], referred to in 28842 and herein as *Sobieski*, which resulted in the *Sobieski* remand, Western held annual meetings and elections in 1958, 1959, 1960 and 1961 by straight voting.

*Sobieski* was decided on April 20, 1961.

The People of the state through John G. Sobieski as Commissioner of Corporations (Commissioner) pursuant to section 26101 of the Corporations Code, brought the above-numbered action on March 30, 1962 (resulting in this appeal, No. 27639) to enjoin Western from holding an election at its annual shareholders meeting in July 1962 by straight voting. Its motion for a preliminary injunction was denied. On February 26, 1963, approximately one year later, the Commissioner in the same action filed a notice of a second motion for a preliminary injunction to enjoin the annual meeting of Western which was to be held in July 1963.

On April 5, 1963, the superior court denied the Commissioner's motion and granted Western's counter-motion for a stay of all proceedings during the pendency of the trial of the *Sobieski* remand.

When the trial court made the order denying the preliminary injunction and stayed proceedings in the action at bench pending determination of the *Sobieski* remand, the Commissioner sought mandamus in this court to vacate both facets of the trial court's order. We denied without opinion the issuance of an alternate writ on April 22, 1963, and the Supreme Court on May 22, 1963, denied a hearing.

This appeal is from the order denying the injunction and the order granting a stay.

The complaint for injunction and supplementary complaint aided by the declaration of the Commissioner, set out in substance the facts which we have detailed in 28842 and avers that unless restrained, Western will hold an annual shareholders meeting on July 25, 1963 and use only straight voting for election of directors.

Western does not deny any of the material facts averred by Commissioner, but alleges in its answer, among other things, that:

On July 21, 1958, it filed a Certificate of Amendment of its Certificate of Incorporation with the Secretary of Delaware. It thereafter caused to be filed a certified copy of said document with the Secretary of State of California, and that it had elected directors by straight voting at annual meetings held in 1958, 1959, 1960 and 1961 and it intends to hold an election of directors at its forthcoming annual meeting in 1963 upon a straight voting basis.

In addition, the declaration of its vice president filed in opposition to the motion for the preliminary injunction and in support of Western's request for a stay of proceedings, avers that: After the commencement of the pending action, Western was requested by the Securities and Exchange Commission to supplement its proxy material issued with reference to the annual meeting of shareholders scheduled for April 26, 1962 to acquaint the shareholders with the litigation situation; on April 10, 1962, Western mailed to its shareholders a letter setting forth information concerning the background of the controversy and the fact of the pending injunction action; under Western's certificate of incorporation Western reserved the right to amend any provision in its Certificate and the rights conferred upon shareholders were granted subject to this reservation; legal steps required under the law of Delaware to effect the amendment of Western's certificate of incorporation and Western's compliance with the steps had been consummated; the effect of the amendment was to delete from the certificate of incorporation article 15th, which provided for cumulative voting; the Certificate of Amendment was filed with the State of Delaware on July 21, 1958 and a certified copy was filed with the Secretary of State of California on September 24, 1958; since July 21, 1958, Western has been without corporate power to hold an election for directors on any other basis than that of straight voting; on or about February 15, 1958, William S. Bartman instituted a proceeding in Delaware under a Delaware law which authorizes a Court of Chancery to summarily order an election of directors upon the application of any shareholder; on September 23, 1958, the Delaware Court of Chancery ordered a special meeting of the stockholders of Western for the purpose of electing a new board of directors under applicable Delaware law and Western's amended certificate of incorpor-

ation providing for straight voting; thereafter, Western filed its "Report of Corporation Election" with the Delaware Court of Chancery; on January 2, 1959, said court rendered its "Final Judgment" dismissing the Bartman petition. No appeal has been taken; copies of the Certificate of Amendment have been filed in the various jurisdictions wherein Western does business; since the special meeting held pursuant to the order of the Delaware Court of Chancery of December 1958, Western has had annual meetings at which directors were elected on the basis of straight voting in each of the years 1959, 1960 and 1961, all of which were known to the California Commissioner of Corporations; and that at or prior to the time this injunction action was commenced Western expended a sum in excess of $7,700 as costs in connection with the holding of the annual meeting, noticed for April 26, 1962, for such items as proxy solicitation, printing, mailing by the transfer agent, and postage.

In addition, the fourth of nine affirmative defenses by Western alleges: "There is another action pending [*Western Airlines, Inc.* v. *Sobieski, supra*] . . . wherein . . . [Western] seeks a writ of mandate to compel the issuance . . . of the permit referred to in . . . complaint upon the ground, among others, that said defendant acted without and in excess of the jurisdiction . . . and wrongfully, unlawfully and arbitrarily withheld the issuance of said permit.

". . . In denying the application for permit . . . the Commissioner . . . acted without and in excess of the jurisdiction vested in him . . . in prejudicial abuse of his discretion, and . . . arbitrarily . . . prejudge[d] the issues. . . ."

". . . The 'hearings,' . . . purportedly given . . . by the Commissioner . . . , were in all respects sham and an abuse of the administrative process, operated to deny this defendant a fair hearing and trial within the intendment of Section 25510 of the Corporations Code and . . . Section 1094.5 of the Code of Civil Procedure and operated to deprive this defendant and its shareholders, . . . resident within and without California of their property without due process of law. . . .

". . . .

". . . The findings . . . of the Commissioner . . . referred to in Paragraph V of . . . complaint [in the pending action] were without support either by the weight of the evidence or by substantial evidence in the light of the whole record . . . and . . . failed to support the Commissioner's Order denying the application for a permit, . . ."

It appears from the foregoing that after the two hearings before the Commissioner and pending the trial and appeal of *Sobieski,* which preceded the *Sobieski* remand, Western, in accordance with Delaware law, perfected an amendment of its certificate contrary to the Commissioner's order against such action, and thus eliminated cumulative voting from its Certificate with the imprimatur of the Delaware Court of Chancery.

The status of pseudo-foreign corporations established by statute and ratified by *Sobieski,* is that cumulative voting cannot be eliminated without a permit from the Commissioner.

If an amendment can be accomplished by a pseudo-foreign corporation, even temporarily, merely by following the laws of the state of its incorporation, in this case, Delaware, California's statute ratified by *Sobieski,* which declares the public policy of California in respect of cumulative voting for domestic and pseudo-foreign corporations, is nullified.

Prior to the hearings before the Commissioner, during the hearings, during the pendency of *Sobieski,* the pendency and determination of the *Sobieski* remand and the appeal therefrom, which we have concurrently decided, and until a final disposition of the question of jurisdiction (preserved throughout this litigation), the statute requires pseudo-foreign corporations to obtain a permit before an amendment eliminating cumulative voting is permitted. The status quo of Western so far as California is concerned, prior to and continuously during all this litigation, compels cumulative voting.

We do not think it is sound to sanction a course of action which permits Western, after having sought and been denied a permit to change its position from cumulative to straight voting, to flaunt the order of the Commissioner by completing legal steps in Delaware, or otherwise, *to proceed to conduct its affairs as if the Commissioner had in fact granted the permit it sought.*

If Western, relying solely on its position that the Commissioner had no jurisdiction, had changed its method of voting as herein detailed, it would be in clear violation of the law of California.

We are satisfied Western does not improve its position, when it does apply for a permit to make the change, and its application is twice denied.

The injunctive order should have been granted and the stay order denied. The orders of the trial court are hereby reversed

with directions to the trial court to enter judgment granting to appellant the injunctive relief as prayed.

Herndon, J., and Katz, J. pro. tem.,* concurred.

A petition for a rehearing was denied February 21, 1968, and respondent's petition for a hearing by the Supreme Court was denied April 10, 1968. Mosk, J., did not participate therein.

*Assigned by the Chairman of the Judicial Council.